UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAINE HOLCOMB,

    Plaintiff,

        v.                            CAUSE NO. 3:25-CV-29-TLS-APR

BINNION, et al.,

    Defendants.

## OPINION AND ORDER

Shaine Holcomb, a prisoner without a lawyer, filed a Complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Holcomb alleges that, on December 18, 2024, he passed out, hit the door, and started trying to get a guard's attention because he was having chest pain. After twenty minutes, Officer Binnion came to his door and told him he was fine and to "walk it off or go lay down." ECF 1 at 2. No signal was called for a medical emergency. Nurse Ms. Tay was present on the unit, but she refused to see Holcomb. Later, he was seen by another nurse and learned that he suffered a panic attack.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must

allege: (1) he had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.*

The Court presumes for purposes of this order that Holcomb's fainting and chest pain (later diagnosed as a panic attack) amounted to a serious medical need, satisfying the first prong. On the second prong, Holcomb asserts that he reported his need for medical attention to Officer Binnion, but he allegedly brushed off Holcomb's concerns. He will be permitted to proceed further against Officer Binnion for deliberate indifference to his need for medical care under the Eighth Amendment.

As for Nurse Ms. Tay, Holcomb does not allege that he communicated directly with Nurse Tay, and it is unclear what information was provided to her when she refused to see him. Nonetheless, it is plausible to infer that Nurse Tay, who was present in the unit when he was screaming for help, would have been aware of Holcomb's concerns. Therefore, Holcomb will also be granted leave to proceed against Nurse Tay.

For these reasons, the Court:

(1) GRANTS Shaine Holcomb leave to proceed against Officer Binnion and Nurse Tay in their individual capacity for compensatory and punitive damages for deliberate indifference to his medical needs, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Binnion at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Tay at Centurion Health of Indiana, LLC, with a copy of this order and the Complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any Defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Binnion and Nurse Tay to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 20, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
