**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

SHAINE HOLCOMB,

Plaintiff,

v.

BINNION, et al.,

Defendants.

CAUSE NO. 3:25-CV-29-TLS-APR

**OPINION AND ORDER**

Shaine Holcomb, a prisoner without a lawyer, is proceeding in this case "against Officer Binnion and Nurse Tay in their individual capacity for compensatory and punitive damages for deliberate indifference to his medical needs, in violation of the Eighth Amendment[.]" ECF 5 at 3. Specifically, Holcomb alleged in his complaint that the Defendants refused to provide him medical care on December 18, 2024, after he passed out in his cell. *Id.* at 1. On September 2, 2025, the Defendants filed a motion for summary judgment, arguing Holcomb did not exhaust his available administrative remedies before filing this lawsuit. ECF 19. With the motion, the Defendants provided Holcomb the notice required by Northern District of Indiana Local Rule 56-1(a)(4). ECF 22. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. N.D. Ind. L.R. 56-1(b). This deadline passed over six months ago, but Holcomb

has not filed any response. Therefore, the Court will now rule on the Defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "To determine whether there is a genuine issue of material fact, [the] court[] construe[s] all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's

administrative rules require." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The Defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility (MCF) and Holcomb's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at MCF and available to Holcomb. ECF 19-1, pp. 2, 5. The Offender Grievance Process required Holcomb to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*, p. 2. On January 10, 2025, Holcomb submitted a grievance complaining about the December 18 incident. *Id.,* p. 6; ECF 19-4, p. 2. The grievance office rejected the grievance as untimely, noting it complained of an incident that occurred on December 18 and was filed more than ten business days later on January 10. ECF 19-1, p. 6; ECF 19-4, p. 1; *see* ECF 19-2, p. 9 (providing that an inmate must submit a grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint"). Holcomb continued to submit additional grievances on unrelated issues, but the grievance office never received any other grievances or communications from Holcomb related to the December 18 incident. ECF 19-1, p. 6–7. Because Holcomb has not responded to the Defendants' summary judgment motion, the Court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, the Defendants have provided undisputed evidence Holcomb did not fully exhaust any relevant grievance before filing this lawsuit. Specifically, it is undisputed Holcomb first submitted a grievance related to the December 18 incident on January 10, and the grievance office properly rejected this grievance as untimely because it was not submitted within ten

business days of the incident. The record contains no evidence Holcomb submitted any other relevant grievance or his administrative remedies were in any way unavailable. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited."). Therefore, the Defendants have met their burden to show Holcomb did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the Court:

(1) GRANTS the Defendants' motion for summary judgment (ECF 19); and

(2) INSTRUCTS the clerk to enter judgment in favor of the Defendants and against Shaine Holcomb and to close this case.

SO ORDERED on April 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4